# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-955

CALOGERA RAIMONDO

VERSUS

KRISTIN HAYES, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2008-2548 DIV. J
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and James T. Genovese, Judges.

**AFFIRMED, AS AMENDED.**

**Thibodeaux, Chief Judge, concurs in the result.**
**Genovese, J., concurs in the result and assigns written reasons.**

Mark Reese Pharr, III
Thomas M. Long
Galloway, Johnson, Tompkins, Burr & Smith
4021 Ambassador Caffery Parkway
Building A, Suite 175
Lafayette, LA 70503
(337) 735-1760
Counsel for Defendants/Appellees:
Kristin Hayes
DL Peterson Trust
RGIS Inventory Specialists
Discover Property and CasualtyInsurance Company

**Derrick G. Earles**
**Brian M. Caubarreaux**
**Emily G. Meche**
**Brian Caubarreaux & Associates**
**P. O. Box 129**
**Marksville, LA 71351**
**(318) 253-0900**
**Counsel for Plaintiff/Appellant:**
**Calogera Raimondo**

**SAUNDERS, Judge.**

This case involves a single assignment of error regarding the general damages awarded by a jury to the plaintiff. The plaintiff contends that the general damages were so low as to be an abuse of discretion by the jury.

We find that the jury's award of $17,500.00 in general damages to the plaintiff who has suffered four disc injuries with no nerve root impingement or neurological deficits, and who will have to deal with chronic pain for the remainder of her life, is abusively low. Plaintiff is a poor surgical and epidural steroid injection candidate, thus, her only option is conservative treatment. We affirm and amend the judgment to reflect that plaintiff is entitled to $65,000.00 in general damages, as that is the lowest amount within the discretion afforded to the jury.

**FACTS AND PROCEDURAL HISTORY:**

On September 19, 2007, Calogera Raimondo (Raimondo), a thirty-four year-old office assistant with AT&T, was traveling from Marksville, Louisiana, to Lafayette, Louisiana, for a meeting with the Lafayette AT&T call center where she was to be transferred. Raimondo was traveling south on Evangeline Thruway in Lafayette when she was rear-ended by Kristin Hayes (Hayes). Hayes was a twenty-six year-old employee of RGIS Inventory Specialists that was also traveling south on Evangeline Thruway in a company vehicle returning to RGIS's corporate offices located on Kaliste Saloom Road in Lafayette. Liability was stipulated by the defendants.

Raimondo initially refused medical treatment and was not transported to any urgent care facility. Rather, she saw Dr. Newell Gauthier a few days after the accident, complaining of pain in her neck and back. Dr. Gauthier did not order any diagnostic testing, but diagnosed Raimondo with a muscle strain and prescribed pain

medication.

Next, Raimondo saw Dr. Louis Blanda, an orthopaedic surgeon, again complaining of pain in her neck and back and also complaining of numbness in her toes and right leg, and of knee pain. Dr. Blanda prescribed Celebrex and ordered an X-Ray and an MRI. The X-Ray did not show any damage to any of Raimondo's bones and showed degenerative changes consistent with someone of her age. The MRI revealed disc injuries at levels L4-5, L5-S1, T6-7, and T8-9, without nerve impingement or neurological deficits at those levels. Dr. Blanda did not think that Raimondo was a good candidate for epidural steroid injections or surgery because she had preexisting asthma and was on blood anticoagulants.

Instead, Dr. Blanda chose to treat Raimondo conservatively by prescribing physical therapy, a TENS unit, a home stretching program, muscle relaxers, and pain medications. While this treatment was successful in having Raimondo reach the maximum medical improvement possible, given her preexisting conditions, Dr. Blanda testified that she would suffer chronic pain for the rest of her life.

Raimondo filed suit against Hayes, DL Peterson Trust, RGIS Inventory Specialists, and Discover Property and Casualty Insurance Company. A jury trial was held on February 2, 2009. Judgment was rendered awarding Raimondo $7,000.00 for pain and suffering, both physical and mental, $500.00 for loss of enjoyment of life, $10,000.00 for physical injury or disability suffered, $9,055.46 in past medical expenses, and $14,640.00 in future medical expenses, for a total of $41,195.46. Raimondo appealed this judgment.

**DISCUSSION OF THE MERITS:**

In her sole assignment of error, Raimondo contends that the jury abused its

2

discretion by inadequately awarding her the sum of $7,000.00 for pain and suffering, both physical and mental, the sum of $500 for loss of enjoyment of life, and the sum of $10,000.00 in physical injury or disability suffered, given the evidence and jurisprudence support a much higher award for these items respectively. We agree with Raimondo's contention.

The standard of review applicable for a jury award in general damages is well settled. Our supreme court, in *Wainwright v. Fontenot*, 00-492, p. 6 (La. 10/17/00), 774 So.2d 70, 74 (citations omitted), stated the following:

> The assessment of "quantum," or the appropriate amount of damages, by a trial judge or jury is a determination of fact, one entitled to great deference on review. As such, "the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact."

> Moreover, before a Court of Appeal can disturb an award made by a [factfinder,] the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court.

In the case before us, due directly to the automobile accident, Raimondo suffered four disc injuries at levels L4-5, L5-S1, T6-7, and T8-9. With regard to Raimondo's disc injuries at T6-7 and T8-9, Dr. Louis Blanda, Raimindo's treating orthopaedic surgeon, testified as follows:

Q     What can you do for her with regard to her mid back?

A     Well, bracing sometimes is something that would help. Generally, it's more of pain management than anything. She's - - in the mid back, the disc at that level is rarely operated on, even in a healthy person.

3

Q    Now, why is that?

A    You almost have to have potential paralysis or severe pressure on the spinal cord because to remove a disc at that level, most of the time you have to go through the chest. You have to go anteriorly and to move away, move on the side[,] the lungs and the major vessels, particularly on somebody that has lung problems already you're on anticoagulants and blood thinners, that would be a very risky operation. And it's just not something she could tolerate.

Q    So her option surgically is basically nil[,] and she would, I mean she just has to live with the pain that she has?

A    Correct.

Q    What kind of problems with this bulging disc and this herniated disc in a thoracic spine cause her throughout the course of her life?

A    Well, it's mainly pain, pain along the spine, some radiating pain around her ribs. Unfortunately, if she has another injury and it gets worse, then it could cause some major problems with damage to the spinal cord. So that's why she's really got to take it easy and not do any heavy lifting or anything of that sort.

Q    And this is permanent restrictions [sic] for her?

A    Yes.

Dr. Blanda went on to testify about Raimondo's disc injuries at L4-5 and L5-S1. The following is his testimony regarding these injuries:

Q    Now, with regard to her lower back, her lumbar spine, these are the two lowest levels in the spine, above the sacrum or above the pelvis, correct?

A    Yes, sir. It's right around the waistline. I guess she has some discogenic problems here. I think some of it's degenerative. I think is was aggravated by the trauma. And the same indications hold, you know, the reason for surgery primarily is neurological or chronic pain. But again, the risk of surgery far outweighs any benefits that she might get with it.

Q    So did you just, tough luck, she has to live with this?

A    Yes.

Given Dr. Blanda's testimony above, it is clear that Raimondo will have to suffer chronic pain for the rest of her life. Further, it is clear that Raimondo will have to be wary of lifting heavy objects, as an aggravation of her now present herniations, especially those in the thoracic spine, could potentially present her with a choice of either dealing with spinal cord damage or undergoing life endangering surgeries.

Hayes states in brief that Dr. Blanda found that surgery was not necessary in this case. This is not accurate. Dr. Blanda's testimony, cited above, indicates that surgery was not *appropriate* due to her preexisting conditions. This is significantly different from what Hayes contends, i.e., that surgery was not necessary.

Hayes also states in brief that Dr. Blanda concluded that physical therapy was successful in treating her condition. As to the "success" of physical therapy, Dr. Blanda testified to the following:

Q   You were asked if physical therapy, if it worked. Because physical therapy works, it's there to give pain relief, correct?

A   Right.

Q   Okay. Or to lessen someone's pain?

A   Yes.

Q   That physical therapy won't cure the disc herniations that she has?

A   No. That's something that['s] going to be permanent.

Q   Okay. So the talk about someone needing to be available for her for treatment, people in times of their life, bend or do, you know, bend the wrong way or do something[,] and it's going to exaggerate the problem that she has at some point?

A   Yes.

It is clear from this testimony that even if physical therapy was successful, as was the case with Raimondo, she still would continue to have chronic pain. Thus,

Hayes' statement that Raimondo's injuries were successfully treated via physical therapy does not fully encapsulate Raimondo's situation regarding her mid and lower back pain.

Hayes also argues in brief that the jury's finding regarding quantum was within its discretion because Raimondo testified that, as a result of physical therapy, her neck pain had resolved by May of 2008. While this may be true, Raimondo's neck, or cervical area of the spine, is not the location where Raimondo suffered any disc injuries. Her injuries were to the discs located in the thoracic, lumbar and sciatic areas of the spine. Thus, Raimondo's testimony that her neck pain completely resolved by May of 2008 is not relevant to the pain she continues to suffer chronically in her mid and lower back. Raimondo went on the testify under cross examination to the following:

> Q    And when we met in December, I had asked about how - - on a scale of one (1) to ten (10), what did you rate your back? And you told me a two (2), right?
>
> A    At the time, yes.
>
> Q    At that time. Has that changed since we met in December?
>
> A    It fluctuates. Yes, it constantly changes.

This testimony is consistent with that of Dr. Blanda. Raimondo will continue to have some good days and some bad days when referencing the pain caused by her disc injuries for the rest of her life.

Accordingly, after a thorough review of the record, we find that the jury abused its discretion in finding that Raimondo was entitled to merely $17,500.00 in general damages. While Raimondo's disc injuries did not include any neurological deficits, it is clear that she will continue to suffer chronic pain for the remainder of

her life. Given that Raimondo was in her mid-thirties when this accident occurred, we find that the lowest amount reasonably within the discretion of the jury for her general damages is $65,000.00. Thus, we amend the judgment in favor of Raimondo to reflect this amount.

**CONCLUSION:**

Raimondo raised one assignment of error, that the jury abused its discretion by inadequately awarding her a total of $17,500.00 for pain and suffering, both physical and mental, for her loss of enjoyment of life, and for her physical injury or disability suffered given the evidence. We agree with Raimondo and amend her general damages award to the lowest amount reasonably within the discretion of the jury which we find to be $65,000.00. All costs of this appeal are to be paid by Hayes.

**AFFIRMED, AS AMENDED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-955

CALOGERA RAIMONDO

VERSUS

KRISTIN HAYES, ET AL.


**GENOVESE, J., concurs in the result and assigns the following reasons:**

I agree with the majority that the jury abused its discretion by inadequately awarding the Plaintiff a total of $17,500.00 for pain and suffering, loss of enjoyment of life, and physical injury/disability as a result of her September 19, 2007 automobile accident. However, in my view, I am opposed to an "in globo" award. I find it legally necessary to specifically itemize the increase in damages for each category of damages with a citation of legal authority in support thereof.